**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500<br><br>                              Plaintiff,<br><br>v.<br><br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                              Defendants. | Case No.:  3:24-cv-0699-JES-AHG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>**[ECF No. 2]** |

Plaintiff Steven Wayne Bonilla, a state prisoner proceeding *pro se* and currently incarcerated at the California Medical Facility, has filed a civil action pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. For the reasons discussed below, the IFP motion is denied and the case is dismissed.

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55,

although the $55 administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or fail to state a claim," *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (internal quotations and brackets omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). To constitute a strike, a dismissal must be based on one of the enumerated grounds contained in 28 U.S.C. § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (citing 28 U.S.C. § 1915(g) (enumerating grounds as "dismissed on the grounds it is frivolous, malicious, or fails to state a claim upon which relief may be granted")). A prisoner who has accumulated three strikes is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless they can show they are facing "imminent danger of serious physical injury." *See* 28 U.S.C.

§ 1915(g); *Cervantes*, 493 F.3d at 1051–52.

As a preliminary matter, the Court has reviewed Plaintiff's Complaint and finds that it does not contain any "plausible allegations" to suggest that he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055. While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is true here.

Based on the dockets of many court proceedings available on PACER,[1] the Court finds that Plaintiff Steven Wayne Bonilla, identified as CDCR #J-48500, while incarcerated, has had dozens of prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011, alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983"); *id.* at *3 ("The following five actions are DISMISSED without prejudice and without leave to amend for failure to state a claim upon which relief may be granted: *Bonilla v. Superior Court of Alameda County*, C 11-6306; *Bonilla v. Alameda County District Attorney's Office*, C 11-6307; *Bonilla v. California Supreme Court*, C 12-0026; *Bonilla v. Cullen*, C 12-0027; *Bonilla v. California Supreme Court*, C 12-0206."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C.

---

[1] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

§ 1915(g), he no longer qualifies to proceed in forma pauperis in any civil rights action.") (citing *In re Steven Bonilla*, Nos. C 11-3180, *et seq*. CW (PR), Order of Dismissal at 6:23-7:19).

Accordingly, because Plaintiff has, while incarcerated, accumulated far more than the three "strikes" permitted by § 1915(g), and he fails to make any plausible allegation that he faced imminent danger of serious physical injury at the time he filed this case, he is not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055.

## II.   Conclusion and Orders

For the reasons set forth above, the Court:

1.   **DENIES** the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) (ECF No. 2).

2.   **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $402 civil and administrative filing fees required by 28 U.S.C. § 1914(a).

3.   **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3).

4.   **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

Dated:  May 31, 2024

Honorable James E. Simmons Jr.
United States District Judge

3:24-cv-0699-JES-AHG